SULLIVAN, C. J.
The plaintiff, Justin Gilbert, applied to this court for a writ of mandate to compel the defendant, Honorable Silas W. Moody, auditor of the state of Idaho, to issue his warrant in favor of the plaintiff, in payment for certain services claimed to have been performed by said plaintiff as stenographic court reporter. The material facts set forth in said application are substantially as follows: On the third day of April, 1889, the plaintiff was duly appointed stenographic court reporter of the second judicial district of Idaho territory, by Chief Justice Wier, sitting as a district judge of said judicial district. That said plaintiff entered upon and performed the duties of said office and performed the same under said appointment, to and including the second day of November, 1890; for which services he received the compensation provided by law. That from and after said second day of November, 1890, to the eighteenth day of November, 1890, he continued to perform the duties of said office under and by virtue of said appointment made as aforesaid. That on the eighteenth day of November, 1890, the plaintiff was duly appointed stenographic reporter of the third judicial" district of the state of Idaho by the Honorable E. Nugent, judge of said third district. That on said eighteenth day of November he entered upon his duties as such stenographic reporter under said appointment, and continued to perform the duties of such position up to the close of the eleventh day of January, 1891, and still continues to perform said duties under said last appointment. That on the ninth day of January 1891, the plaintiff presented his claim against the state of Idaho, for his services *5 as official reporter, from the third day of November, 1890, to the eleventh day of January, 1891, both mentioned days included, amounting in all to the sum of $374.98. That on the ninth day of January, 1891, the defendant was, ever since has been, and now is, the duly qualified and acting auditor of the state of Idaho. That the defendant, as such auditor, refused to allow plaintiff’s said claim, and refused to issue to the plaintiff his warrant in payment of said claim, and asks that a writ of mandate be issued out of this court commanding the said auditor to draw his warrant on the state treasurer of Idaho, in favor of the plaintiff, for the amount of said claim. The defendant admits all of the material facts set forth in plaintiff’s application, but denies that the Honorable E. Nugent, as judge of the third judicial district of the state of Idaho, had any authority to appoint the plaintiff stenographic reporter of said third district court. And further alleges that no appropriation has been made by law for the payment of compensation to the stenographic court reporter of said district court; and, further, that there is no money or funds in the hands of the treasurer of the state of Idaho' applicable to the payment of plaintiff’s said claim.
This ease involves the validity of an act passed by the fifteenth legislative assembly of Idaho, entitled "An act to provide for the appointment of a court stenographic reporter in each judicial district of Idaho territory,” which act was approved February 4, 1889. (15th Sess. Laws, p. 25.) The plaintiff in said application for a writ of mandate alleges that he was appointed official reporter of the second judicial district of the territory of Idaho, and performed the duties of that position until the eighteenth day of November, 1890, on which date he was appointed official reporter of the district court of the third judicial district of the state of Idaho, and performed the duties of such position to and including the eleventh day of January, 1891. The defendant contends that the appointment of the plaintiff, made by the Honorable E. Nugent, judge of the third judicial district of the state of Idaho, on the 18th day of November, 1890, was made without authority of law. The first point to be determined, then, is whether the Honorable E. Nugent, judge of the district court of the third judicial district of the state of Idaho, had the authority to appoint the plaintiff official reporter of said court on *6 the eighteenth day of November, 1890. In other words, was the act above referred to in force on the eighteenth day of November, 1890, and continued in force to and including the eleventh day of January, 1891? Idaho was admitted as a state on the third day of July, A. D. 1890, under a constitution theretofore adopted by the people of the state. Section 2 of article 21 of said constitution is as follows: “All laws now in force in the territory of Idaho, which are not repugnant to this constitution, shall remain in force until they expire by their own limitation, or be altered or repealed by the legislature.” It is not claimed that said act has expired by its own limitation, or has been repealed or altered by the legislature. Said act in no manner conflicts with the provisions of the constitution, and is not repugnant thereto; henee said act was in force at the date of said appointment, and has been in force since its approval, February 4, 1889. Said act authorized the judges of each district court, in the then territory of Idaho, to appoint a competent official reporter; defines his duties; fixes the tenure of his office, and his yearly compensation; directs that it be paid quarterly out of the general fund of the territorial treasury; and authorizes the comptroller to draw his warrants, to make such payments, when they shall become due. (Idaho Gen. Laws 1888-89, 15th Sess., p. 25.) The defendant also contends that no appropriation has been made for the payment of this claim, as required by section 13 of article 7 of the constitution. The act in question makes the appropriation. It fixes the compensation, the time of payment, and authorizes the comptroller to draw his warrant to pay the same when due; No further appropriation is required. The defendant further contends that the act of the present session of the legislature, amending the Bevised Statutes of Idaho, and the General Laws of Idaho of the Fifteenth Session, by changing the word “territory” to “state,” and “comptroller” to “auditor,” is in conflict with section 18, article 3 of the constitution, which section is as follows: “No act shall be revised or amended by mere reference to its title; but the section as amended shall be set forth and published at length.” The object of this provision is to prevent obscurity, confusion, and uncertainty in the laws. This section deals with such amendments of existing legislation as change the application, force, or effect of an act, *7 or a portion thereof. The amendments referred to do not change the application, force, or effect of the sections amended, but merely change the words “territory” to “state,” and “comptroller” to “auditor.” These amendments cannot result in any ambiguity or uncertainty, nor can anyone be misled as to the purpose of these amendments. To hold that each section so amended should be published at length would be an unreasonable construction of said provision, and entail needless expense upon the people. The office of comptroller has not been abolished by the constitution — the name only has been changed to “auditor.” The fact that there are no funds in the hands of the treasurer of the state with which to pay said claim will not excuse the auditor from issuing his warrant. We are of the opinion that a peremptory writ should issue, and it is so ordered.
Morgan and Huston, JJ., concur.