CASE 78.—PROSECUTION AGAINST THE INTERNATIONAL HARVESTER CO. OF AMERICA FOR A VIOLATION OF THE ANTI-TRUST AND POOLING STATUTE.— February 3.

# Commonwealth v. International Harvester Co.

Appeal from Mason Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From a judgment dismissing the prosecution the Commonwealth appeals—Affirmed.

Statutes—Construction—Validity.—The courts must as far as possible uphold and give effect to all statutes enacted by the Legislature.

M. J. HENNESSY and JAS. BREATHITT, Attorney General, for the appellant Commonwealth.

We submit that the gravamen of the offense charged, consists not only in the creation, etc., of the pool, trust, or agreement, but in putting same in operation and carrying out its purposes and provisions. The mere formation of the pool without any attempt to put it in operation, or to fix, regulate, or control the price of property in pursuance thereof would not, per se, be harmful, although prohibited by the statute, but it is the carrying out of the purposes of said pool, that is, the fixing, controlling and regulating the prices of property, that is sought to be prevented by the act in question.

## AUTHORITIES CITED.

Ky. Stats., sec. 3915; U. S. v. Trans-Missouri Freight Assn., 106 U. S. 342; State v. Missouri, K. & T. Ry. Co., 91 S. W. 214; International H. Co. of A. v. Comth., 90 S. W. 637.

Commonwealth v. International Harvester Co.

WORTHINGTON & COCHRAN for appellee.

Our contention is that the act of March 21, 1906, in effect excepted out of the operation of the general 'act of 1890 the producers of farm products and thereby brought the act of 1890, as thus modified or limited in its operation by the act of 1906, in conflict with the 14th Amendment of the Federal Constitution which forbids any state from denying to any person "the equal protection of the law."

### AUTHORITIES CITED.

Owen County Burley Tobacco Society v. Brumback 107 S. W. 710; Connolly v. Union Sewer Pipe Co. 184 U. S. 540; Gulf R. R. Co. v. Ellis, 165 U. S. 150; State v. Cudahy Packing Co., 33 Mont. 179, 114 Am. St. 804; Brown v. Jacobs Pharmacy Co., 115 Ga. 429, 90 Am. St. 126; Union County Nat. Bank v. Ozan Lumber Co., 127 Fed. 207; International Harvester Co. v. Comth., 99 S. W. 637; People v. Mather, 21 Am. Dec. 146.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On the 29th day of March, 1907, the grand jury of Mason county returned an indictment against appellee, charging it with having violated section 3915, Ky. St. 1909, which is known as the "Anti-Trust and Pooling Statutes." Appellee entered its pleas to this indictment, and they were sustained by the court.

It is the duty of the courts to uphold, and in so far as possible to give effect to, all statutes enacted by the legislative department of the government. To this end this court, in the cases of Commonwealth v. International Harvester Company (the opinion in which was delivered the 30th day of January, 1909) 115 S. W. 703, and Owen County Burley Tobacco Society v. Brumback, 32 Ky. Law Rep. 916, 107 S. W. 710, the opinion in which was delivered by Judge Carroll in chambers, properly construed the act of

1906 (Act March 21, 1906, p. 429, c. 117), known as the "Pooling Act," and the act of 1890, known as the "Anti-Trust and Pooling Statute," and by the construction placed upon the two statutes the act of 1906 modified the act of 1890 to the extent of allowing pools, combines, agreements, etc. But we said that both acts are governed and limited by section 198 of the Constitution, to the extent that no person or corporation engaged in a pool, trust, or combine is allowed to agree to, or to raise, or to depreciate, or to attempt to raise or depreciate, the price of any article above or below its real value; and it matters not whether the agreement to raise or depreciate the real value of the article was made, or the acts committed or attempted to be committed, at the time of the formation of the original pool or combine or afterwards. The purpose of the General Assembly was to prevent such unlawful combinations and to punish the offenders, to the end that the offense be not repeated.

The indictment in this case having been drawn under section 3915, Ky. St. 1909, as originally passed by the Legislature, it does not conform to the act of 1890 as modified by the act of 1906, and as construed in the cases referred to. Therefore the lower court did not err in dismissing the prosecution.

Judgment affirmed.