## International Harvester Company of America v. Commonwealth.

### (Decided March 16, 1912.)

### Appeal from Oldham Circuit Court.

1. Indictment—Sufficiency of.—Under an indictment based on section 3915, Kentucky Statutes, appellant was convicted and fined $2,500.00. Held, 1st. The indictment sufficiently charged the offense denounced by section 3915, and was unaffected by the amendatory provisions of section 3941a, Kentucky Statutes, as the offense was committed before the enactment of the latter section.

2. Testimony—Competency of.—The testimony of appellant's Shelby and Henry county agents, that they sold machines for it in those counties under written contracts, exhibited, like those under which such sales were made by its Oldham county agents, was not incompetent, as the Commonwealth had first proved the existence in Oldham county of the combination constituting appellant's offense, and the contract under which its business was conducted by its agents in that county.

3. Same.—The trial court did not err in permitting appellant's former Oldham county agents, in testifying for the Commonwealth, to refresh their recollections as to the contents of the lost con-

tracts under which they had made sales for appellant in that county, by examining the contracts it had with its Shelby and Henry county agents; it being apparent from the testimony of these witnesses that they had some independent recollection of the contents of the lost contracts.

4. Former Indictment for Same Offense—Necessity for Reading to Jury.—It appearing from the allegations of the indictment under which appellant was convicted, that it was intended as a continuation of a former one found on the same facts, which had been dismissed and re-referred to the grand jury, it was incumbent on the Commonwealth to have read to the jury on appellant's trial the former indictment and order showing its dismissal and re-reference, in order to identify the indictment under which it was tried as the one returned in lieu of the first or dismissed indictment. Appellant's plea of not guilty put in issue the allegations of the last indictment intended to show that it was a continuation of the prosecution begun by the first indictment; and also put in issue the question whether the first indictment charged an offense. As the Commonwealth failed to have read to the jury the first indictment and orders referred to, the omission was error compelling a reversal of the judgment.

ARTHUR M. RUTLEDGE, HUMPHREY & HUMPHREY and WILLIS, TODD & BOND for appellant.

CARROLL & CARROLL, T. C. CARROLL, JAS. BREATHITT and CHAS. H. SANFORD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was by an indictment returned in the court below March 27th, 1907, charged with the offense denounced by section 3915, Kentucky Statutes, viz., unlawfully entering into and becoming a member of a pool, trust and combine, with other corporations for the purpose of controlling, regulating and fixing the prices of certain harvesting machines described in the indictment. The trial resulted in appellant's conviction; the verdict of the jury and judgment of the court fixing its punishment at a fine of $2,500. From that judgment this appeal is prosecuted.

The indictment under which appellant was convicted was returned by the grand jury in lieu of another for the same offense, arising out of the same acts, which had been returned against appellant at the July term, 1905, of the Oldham Circuit Court, but dismissed at the March term, 1907, on motion of the Commonwealth Attorney because of some defect in form or substance, and the case re-referred to the grand jury.

The grounds urged for a reversal are, 1st, that the indictment did not charge an offense; 2nd., that the trial court admitted incompetent evidence to appellant's prejudice; 3rd., that the first, or dismissed indictment, was not read on appellant's trial; 4th., that the court did not properly instruct the jury.

We find no merit in appellant's first contention. The indictment does sufficiently charge an offense under section 3915, Kentucky Statutes, known as the Anti-Trust Statute of May 20th, 1890. Had the acts constituting the offense charged in the indictment been committed by appellant after the passage of the act of March 21st., 1906 (section 3941a, Kentucky Statutes), known as the Farmers Pooling Act, which amends that of May 20th, 1890, the indictment would be open to the objections urged to it by appellant's counsel, as it does not allege a sale or sales by appellant of its machines in Oldham County in pursuance of the combination charged at a price or prices above or below their real value. International Harvester Co. of America v. Commonwealth, 137 Ky., 668; International Harvester Co. of America v. Commonwealth, 144 Ky., 403; International Harvester Co. of America v. Commonwealth, 147 Ky., 564 (this day decided). But the acts charged in the indictment as constituting appellant's offense were committed prior to the passage of the act of March 21st, 1906, therefore, the question of the sufficiency of the indictment must be tested by the provisions of the act of May 20th, 1890, and it does in apt terms charge the offense denounced by that act. For further expression of our views on this point, we refer to the case of Commonwealth v. International Harvester Co. of America, 147 Ky., 573, argued and submitted with this case, and the opinion in which, was this day handed down.

We are unable to sustain appellant's second contention. The alleged incompetent evidence was furnished by the testimony of the witnesses, Miles and Brown, agents, or former agents, of appellant, which was to the effect that appellant, had in the case of Miles made a contract with him in Henry County, and with Brown a contract in Shelby County, each contract containing a clause directing the agent "To sell all machines or property received under this contract at such prices and on such terms as may be fixed in writing by said company, or its general agent in the territory here-

in mentioned.'' This evidence, it is argued, served to impress the jury, whose only concern was to know whether appellant had committed the offense in Oldham County, that as it had committed similar offense in the adjoining counties of Henry and Shelby, it was quite probable it was guilty of the same offense in Oldham.

In view of the admonition given the jury by the trial court as to the purpose and effect of the admission of the testimony in question, we think it improbable that it could have impressed them as claimed by appellant's counsel. Moreover, we are not inclined to regard it incompetent. It must not be overlooked that the gravamen of the offense charged in the indictment, is the entering into, becoming a member of or party to, any pool, trust, etc., to fix the price at which a commodity may be sold in this State. In other words, the combination resulting from appellant's relations with the six other corporations, whose business it has absorbed or obtained control of, is but a conspiracy to fix and control prices and thereby destroy competition. The combination or conspiracy was shown by the evidence, as was the fact, that appellant in pursuance thereof conducted its business of selling harvesting machines in Oldham County during the period of time covered by the indictment. It also appears from the evidence that appellant's agents in Oldham and other counties of the State, conducted its business under the same rules and regulations; that all sales of machines were made at the prices fixed in writing by it; and that contracts by which its agents in different counties were employed and were to perform their duties, were all alike and all conduced to establish the unlawful combination and its purpose. Strange to say appellant's agents who testified in its behalf, claimed to have been unable to find, and did not produce, any of the written contracts it had with its Oldham County agents during the time covered by the indictment.

Having by its evidence sufficiently established the combination or conspiracy charged in the indictment and its operation in Oldham County, it would seem proper that the Commonwealth should have been permitted to show, as it did, that appellants prices and methods of doing business were the same in other counties of the State as in Oldham. An effective way of doing this was to prove that its sales agents everywhere in the State operated under

like contracts, which bound them all to sell machines at prices fixed by appellant alone and to conduct its business by such methods as would continue the combination and promote its ends. From this view point it is not apparent to us that the testimony of Miles and Brown was incompetent, and the competency of such evidence does not seem to have been condemned in International Havvester Co. of America v. Commonwealth, 124 Ky., 543.

As to appellant's further complaint that witnesses who had been agents of appellant in Oldham County during the time of the commission of the offense charged in the indictment, were permitted to testify as to the similarity of the Miles and Brown contracts to the lost contracts under which they had been employed by appellant as agents, we think it a sufficient answer to say that we do not gather from the record that these witnesses were permitted to read the Miles and Brown contracts to the jury, or to relate their contents to the jury after reading them; but that they examined them for the purpose of ascertaining whether they were like the contracts they had formerly held and having by that means refreshed their recollections, testified to the contents of the lost contracts. It is fairly apparent from the testimony of these witnesses that they had some independent recollection of the contents of the lost contracts, and if so, we know of no reason why they should not have been allowed to refresh their recollections by examining the Miles and Brown contracts as they might have done any paper of their own, before or when testifying as to their recollection of the contents of the lost contracts.

We find in the brief of appellant's counsel the following statement of a rule of evidence, supported by the authority cited (11 Ency. of Evidence, 92), which we think makes the competency of the evidence apparent.

"A witness may look at a paper not made by himself. but by some other person, for the purpose of refreshing his recollection as to some past event; but the paper must be used alone to refresh his memory and he can not testify as to any facts set forth in such paper unless he has an independent recollection of such facts —a recollection independent from the paper."

Appellant's third contention presents tenable ground upon which to rest its claim to a reversal. As previously stated the indictment under which it was convicted was returned in lieu of another dismissed at the

March term, 1907, of the Oldham Circuit Court. The dismissed indictment had been returned July 5th, 1905, and it charged that the acts constituting the offense named therein were committed by appellant within a year next before the 5th day of July, 1905. To avoid the statute of limitations, which would otherwise have barred the prosecution, the last indictment charged that "the grand jurors further state that the facts constituting the offense charged herein are the same facts constituting the offense charged in indictment No. 1164, returned by the grand jury of said Oldham County, at the regular July term, 1905, said indictment, No. 1164, having been dismissed at the regular March term, 1907, of this court, and the prosecution being then re-referred to this grand jury, the offense having been committed in said county and State, within the twelve months last past before the finding of said indictment, No. 1164, viz., within the twelve months last past before the fifth day of July, 1905."

As appellant entered a plea of not guilty all the facts necessary to a conviction under the last indictment were put in issue. Appellant's plea of not guilty, therefore, put in issue the allegations of the last indictment intended to show that the prosecution was a continuation of the one begun under the first indictment, for if it was not a continuation of the prosecution set on foot by the first indictment, the offense charged would have been barred by the statute of limitation. In addition, appellant's plea of not guilty put in issue the question whether the first indictment charged an offense. On the issues thus made, the necessity of reading the first indictment to the jury on the trial of appellant under the last indictment, is apparent. The record fails to disclose that the first or dismissed indictment, was introduced in evidence or read on the trial of appellant on the last indictment; and the omission to so introduce and read it, constituted an error that must be held fatal to the judgment of conviction.

This omission, whether intentional or accidental, grows in significance in view of the evidence that there were numerous other indictments against appellant then pending in the same court, and it is not apparent from the many orders made with reference to the numerous indictments whether the one under which the appellant's

conviction was had was a continuation of the one which had really been dismissed.

In Hughes & Co. v. Commonwealth, 31 R., 179, the indictment continued the prosecution theretofore commenced by a prior indictment, which had been dismissed and re-referred to the grand jury, it was held that the failure of the Commonwealth to read in evidence to the jury on the trial of appellant under the last indictment the first, or dismissed indictment, compelled a reversal of the judgment, the opinion saying:

"Appellant could not have been convicted under the last indictment without showing that it was a continuation of the prosecution under the former indictment for the offense was barred by the statute of limitation, counting from the return and filing of the last indictment; therefore, it was indispensably necessary to charge and prove that the last indictment was in lieu of the prior one, which had been dismissed and resubmitted by order of the court to a subsequent grand jury.' The plea of not guilty put in issue that fact and it devolved upon the Commonwealth to prove it, which it could have done by reading to the jury the former indictment, and the order of the court dismissing and resubmitting it, and by proving that both referred to the same act which constituted the offense; but it appears from the record that the Commonwealth failed to make this proof, or at least this record is silent upon that subject; there is no copy of the indictment or order of submission in the record. For these reasons the judgment of the lower court is reversed and cause remanded for another trial."

Appellant has offered to file in this court a supplemental record, which, it is claimed, will supply proof showing the introduction and reading of the first indictment on the trial. The filing of the supplemental record offered can not be permitted; and besides, we do not think it shows the introduction and reading of the first indictment on the trial in the court below, as claimed.

It is unnecessary to comment upon the objection to the instructions raised by appellant's fourth and final contention, as the instructions given in form and substance follow those approved by us in case of International Harvester Co. v. Commonwealth, 124 Ky., 543.

For the reasons indicated the judgment is reversed, and cause remanded for another trial consistent with the opinion.

Whole court sitting.