## Commonwealth v. International Harvester Company of America.

(Decided March 16, 1912.)

Appeal from Spencer Circuit Court.

Indictment—Sufficiency of Allegations.—The indictment in this case being for a violation of section 3915, Kentucky Statutes, (known as the anti-trust act of May 20, 1890,) before its amendment by section 3941a, Kentucky Statutes, (known as the Farmers' Pooling Act of March 21, 1906), it was only necessary that it should charge and describe, as it did, the offense denounced by the first section (3915), viz: That appellant entered into and became a member of a pool, trust, combination, &c., to fix and control the price at which harvesting machines were to be sold in Spencer county. So, it was unnecessary for the indictment to allege that by means of the combination charged appellant actually raised the price of harvesting machines above or depreciated them below their real value; or that it sold such machines at a price or prices above or below their real value. Therefore, the ruling of the Circuit Court in sustaining the demurrer to the indictment was error.

CARROLL & CARROLL, T. C. CARROLL, JAMES BREATHITT, CHAS. H. SANFORD and C. H. MORRIS for appellant.

ARTHUR M. RUTLEDGE and WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

On December 1, 1905, the grand jury of Spencer county returned against appellee, in the circuit court of that county, the following indictment:

"The grand jury of the county of Spencer, in the name and by the authority of the Commonwealth of Kentucky, accuse the International Harvester Company of America and the International Harvester Company of the offense of unlawfully creating, establishing, organizing and entering into and becoming members of and parties to and interested in, a pool, trust, combine, agreement, confederation and understanding with each other and with other corporations, partnerships, individuals, persons, and association of persons, for the purpose of regulating, controlling, and fixing the price of merchandise, manufactured articles, committed in manner and form as follows, to-wit:

"The said International Harvester Company of America and the International Harvester Company, did, in the said county of Spencer, on the —— day of ——, 1905, and within the twelve months before the finding of this indictment, unlawfully create, establish, organize and enter into and become members of, parties to and interested in a pool, trust, combine, agreement, confederation and understanding, each with the other and with other corporations, partnerships, individuals, persons and association of persons, all of whom are to this grand jury unknown and this for the purpose of regulating, controlling and fixing, the price of merchandise, manufactured articles and property, to-wit: Harvesting machines, reapers, mowers, binders and other farming implements; the said International Harvester Company of America being a corporation created under the laws of the State of Wisconsin, and the International Harvester Company, being a corporation created under the laws of the State of New Jersey. And this against the peace and dignity of the Commonwealth."

The learned special judge presiding at the time, sustained a demurrer to the indictment, which ruling the Commonwealth insists was error; hence this appeal.

The record does not indicate the reasons advanced by the court for sustaining the demurrer, but we are advised by the briefs of counsel that it was upon the grounds, 1st. That the indictment does not allege any overt act, sale or attempted sale by appellee of its harvesting machines in Spencer county; and does not fol-

low the language of the statute. 2. It does not allege that appellee raised the price of articles sold by it above their real value, or depreciated them below their real value.

We do not concur in the ruling on the demurrer. The circuit court evidently took the view that the indictment was insufficient because it did not charge an offense under Section 3915, Kentucky Statutes, as amended by Section 3941a—the first known as the Anti-trust Act of May 20, 1890; the second as the Farmers' Pooling Act of March 21, 1906—whereas, the indictment was found before the enactment of the statute of 1906 (Section 3941a) and was based on the statute of 1890 (Section 3915) alone.

In the case of Commonwealth vs. International Harvester Company, 131 Ky., 551; Owen County Burley Tobacco Society vs. Brumback, 32 R., 916; and Commonwealth vs. International Harvester Company 131 Ky., 768; we upheld the validity of both statutes, but also held that the last amended or modified the first to the extent of legalizing pools, trusts, combinations, agreements, etc., but that both statutes are so governed and restricted in their operation by Section 198, Constitution, as that they cannot be held to allow, but, on the contrary, prohibit persons, associations, co-partnerships or corporations, engaged or participating in a pool, trust, combination or agreement, by means thereof, to fix, control or regulate the price of any commodity or article by raising or depreciating, or attempting to raise or depreciate, it above or below its real value.

The construction thus given these statutes was approved and followed in the more recent cases of International Harvester Company of America vs. Commonwealth, 137 Ky., 668; and International Harvester Company of America vs. Commonwealth (second appeal, same case) 144 Ky., 403. These two cases, however, go a step farther than did those first cited, for they hold that in order to convict for an offense under the first statute as amended by the last, there must be shown, not only the existence of the pool, trust or combination, but also that in pursuance thereof there was a sale of the commodity above or below its real value.

As already stated the offense charged in this indictment is alleged to have been committed before the passage of the Act of March 21, 1906 (Section 3941a, Ken-

tucky Statutes), and while the Act of May 20, 1890 (Section 3915, Kentucky Statutes), was in full force, consequently, the Act of March 21, 1906, does not apply to the indictment and can have no effect upon the decision of the questions raised by the demurrer. It only remains to be determined, therefore, whether the acts charged in the indictment constitute an offense within the meaning of the Act of May 20, 1890.

Section 465, Kentucky Statutes, provides:

"No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect."

In International Harvester Co. of America vs. Commonwealth, 124 Ky., 543, it was held that in view of the provisions of Section 465, supra, the Act of March 24, 1906, had no effect on indictments under Section 3915 which were returned before the act went into effect. In American Tobacco Co. vs. Commonwealth, 115 S. W., 754, the petition in a civil action seeking to recover the penalty under Section 3519, was held defective on demurrer, because the period covered by the petition, as was said, was after the Act of March 21, 1906, went into effect, and the petition failed to state that the effect of the combination was to depreciate the price of the commodity below its real value. Later, however, the attention of the court was called to the fact that a part of the time covered by the petition was before the Act of March 21, 1906, went into effect; thereupon by a modified opinion found in 116 S. W., page 1176, the court held, that as the petition also covered a period before the act of March 21, 1906, went into effect, it stated a cause of action to that extent and was, therefore, good on demurrer, although the penal action was not insti-

tuted until after the Act of March 21, 1906, became effective.

The offense specified in the Statute of 1890 is the entering into, becoming a member of, or party to, any pool, trust, etc., to fix the price at which property might be sold in this State. So, it is the illegal agreement, conspiracy or combination to fix prices that constituted the offense under that statute. It is true, in order to lay the venue of the offense, the Commonwealth must prove a sale or offer to sell in Spencer county, as this will be necessary to give the circuit court of that county jurisdiction; but it was not necessary that the indictment should allege such a sale or sales, or that by reason of the combination to which appellee was a party, as charged in the indictment, the price of the articles sold by it was above their real value, or below such value. The allegations as to a sale of the commodity at a price above or below its real value, would be necessary under an indictment for an offense committed under the Act of May 20, 1890, as amended by the Act of March 21, 1906, but such allegations were not required to show the commission of an offense under the first act alone.

The language of the indictment substantially follows Section 3915, Kentucky Statutes, and is identical, except as to style of court and name of county with the indictment which he held sufficient in case of the International Harvester Company of America vs. Commonwealth, 124 Ky., 543.

Because of the error committed by the circuit court in sustaining the demurrer and dismissing the indictment, the judgment is reversed.

Whole court sitting.