(February 25, 1914.)

HENRY ACHENBACH, Appellant, v. WILLIAM KINCAID, County Assessor of Ada County, Idaho, and WILLIAM HOWELL, AUGUST CARLSON and WM. BRIGGS, Constituting the Board of County Commissioners of Ada County, Respondents.

[140 Pac. 000.]

STATUTORY CONSTRUCTION—HIGHWAY COMMISSION ACT—TITLE—SUBJECT MATTER GERMANE TO TITLE—TAXATION—EXCEPTIONS FROM PLENARY POWER OF LEGISLATURE TO MAKE EXEMPTIONS.

1. Various statutory provisions in contemporaneous legislation affecting the same subject matter should be so construed, if possible, that all may stand, and the will of the legislature be carried into effect.

2. Sec. 1644, Rev. Codes, as amended by act of March 7, 1911 (Sess. Laws 1911, p. 564), was not in existence as such at the time the highway commission act (Sess. Laws 1913, p. 568) was passed, although said highway commission act by its title purports to amend said sec. 1644, Rev. Codes; therefore it was not necessary to set forth said section, as amended in the highway commission act, in order to comply with sec. 18, art. 3 of the constitution.

3. Sec. 19 of the highway commission act, providing for exemption from taxation of motor vehicles, does not come within the inhibition of sec. 16, art. 3 of the constitution, as being legislation upon a subject different from that expressed in the title of the act, inasmuch as such exemption is germane to the general object and plan of the act, is manifestly connected with it and made for the purpose of carrying the act into effect.

4. In matters of taxation the legislature possesses plenary power, except as such power may be limited or restricted by the constitution. It is sufficient warrant for the exercise of this power in a given instance if there be found in the constitution no prohibition against what the legislature has attempted to do.

5. The provisions of sec. 19 of the highway commission act, exempting motor vehicles from taxation, are within the express grant of power contained in sec. 5, art. 7 of the constitution, which provides that "the legislature may allow such exemptions from taxation from time to time as shall seem necessary and just."

6. *Held,* that it was the intention of the framers of the constitution to confer upon the legislature the sole right to determine what property should be exempt from taxation, and the legislature having provided such exemption in the highway commission act with reference to automobiles, motorcycles and motor vehicles, such property was not subject to taxation in Ada county for the year 1913, and the county commissioners and assessor of said county properly refused to cause such property to be assessed.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Petition for writ of mandate to compel the board of county commissioners and county assessor of Ada county to assess all motor vehicles that escaped taxation for the year 1913, under the highway commission act. Demurrer to petition sustained by lower court. Judgment *affirmed.*

Harry S. Kessler, for Appellant.

This purported amendment relating to property exempt from taxation does not comply with the constitution, sec. 18, art. 3.

The legislature, by the title of the highway commission act, declared that they intended to amend sec. 1644, Rev. Codes.

"The declared purpose of a statute must be accepted as true, unless such purpose be incompatible with its meaning and effect." (*S. S. White Dental Mfg. Co. v. Commonwealth,* 212 Mass. 35, Ann. Cas. 1913C, 805, 98 N. E. 1056; Lewis' Sutherland Stat. Const., 2d ed., secs. 230, 231; *Fletcher v. Prather,* 102 Cal. 413, 36 Pac. 658; *People v. Mahaney,* 13

Mich. 481; *Copland v. Pirie,* 26 Wash. 481, 90 Am. St. 769, 67 Pac. 227.)

R. L. Givens, Prosecuting Attorney, Harry Keyser and E. P. Barnes, for Respondents.

"If all parts of the act have a natural connection and reasonably relate, directly or indirectly, to one general, legitimate subject of legislation, the act is not open to the objection of plurality of subjects." (*State v. Doherty,* 3 Ida. 384, 29 Pac. 855; *State v. Dolan,* 13 Ida. 693, 92 Pac. 995, 14 L. R. A., N. S., 1259; *Pioneer Irr. Dist. v. Bradley,* 8 Ida. 310, 101 Am. St. 201, 68 Pac. 295; *State v. Jones,* 9 Ida. 693, 75 Pac. 819; *Turner v. Coffin,* 9 Ida. 338, 74 Pac. 962; *Butler v. Lewiston,* 11 Ida. 393, 83 Pac. 234; *Kessler v. Fritchman,* 21 Ida. 30, 119 Pac. 692; *Shoshone Highway Dist. v. Anderson,* 22 Ida. 109, 125 Pac. 219; *In re Magnes' Estate,* 32 Colo. 527, 77 Pac. 853.)

An act is not unconstitutional if the title is broader than the act. (*Divet v. Richland Co.,* 8 N, D. 65, 76 N. W. 993.) Similar titles in the following cases were held to be sufficient: *State v. Klectzen,* 8 N. D. 236, 78 N. W. 984; *Murphy v. Bondshu,* 2 Cal. App. 249, 83 Pac. 278; *Parks v. State,* 159 Ind. 211, 64 N. E. 862, 59 L. R. A. 190; *State v. Courtney,* 27 Mont. 378, 71 Pac. 308; *Shearer v. Board of Supervisors,* 128 Mich. 552, 87 N. W. 789; *State ex rel. Olson v. Board of Commissioners,* 83 Minn. 65, 85 N. W. 830; *Gage v. City of Chicago,* 207 Ill. 56, 69 N. E. 588; *Erickson v. Cass County,* 11 N. D. 494, 92 N. W. 841; *Samuelson v. State,* 116 Tenn. 470, 115 Am. St. 805, 95 S. W. 1012. If the subject matter is within the scope of the title, the constitutional requirement is met. (*State v. Tibbets,* 52 Neb. 228, 66 Am. St. 492, 71 N. W. 990; *State ex rel. Comstock v. Stewart,* 52 Neb. 243, 71 N. W. 998; *Poindexter v. Greenhow,* 114 U. S. 270, 5 Sup. Ct. 903, 29 L. ed. 185; *Bobel v. People,* 173 Ill. 19, 64 Am. St. 70, 107, 50 N. E. 322; *State ex rel. Griffith v. Newland,* 37 Wash. 428, 79 Pac. 983.)

Similar automobile statutes upheld as constitutional. (*Christy v. Elliott,* 216 Ill. 31, 108 Am. St. 196, 74 N. E.

1035, 3 Ann. Cas. 487, 1 L. R. A., N. S., 215; *Commonwealth v. Boyd,* 188 Mass. 79, 108 Am. St. 464, 74 N. E. 255; *People v. Schneider,* 139 Mich. 673, 103 N. W. 172, 5 Ann. Cas. 790, 69 L. R. A. 345.)

Such reference as is made to sec. 1644 in the title of the highway commission act may be treated as surplusage. (1 Lewis' Sutherland Stat. Const., 2d ed., p. 448; *Thomas v. State,* 124 Ala. 48, 27 So. 315; *Peed v. McCrary,* 94 Ga. 487, 21 S. E. 232; *Bagwell v. Lawrenceville,* 94 Ga. 654, 21 S. E. 903.)

The power of the legislature is, within its sphere, unlimited except as restricted by the constitution. (*Kingsbury v. Nye,* 9 Cal. App. 574, 99 Pac. 985; *State ex rel. Workman v. Goldthait,* 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737; *State ex rel. Caldwell v. Hooker,* 22 Okl. 712, 98 Pac. 964; *State ex rel. Peyton v. Cunningham,* 39 Mont. 197, 103 Pac. 497, 18 Ann. Cas. 705; *Ahern v. Elder,* 195 N. Y. 493, 88 N. E. 1059; *Straw v. Harris,* 54 Or. 424, 103 Pac. 777.)

"A state constitution, unlike a federal constitution, is one of limitation and not a grant of powers, and any act adopted by the legislature not prohibited by the state constitution is valid, and such inhibition must expressly or impliedly be made to appear beyond a reasonable doubt." (*State v. Cochran,* 55 Or. 157, 104 Pac. 419, 105 Pac. 884; *St. Joe Improvement Co. v. Laumierster,* 19 Ida. 66, 112 Pac. 683; *Walker v. City of Spokane,* 62 Wash. 312, Ann. Cas. 1912C, 994, 113 Pac. 775; *People ex rel. Simon v. Bradley,* 207 N. Y. 592, 101 N. E. 766.)

"In passing on the constitutionality of a statute, every reasonable doubt as to its validity will be resolved in favor of sustaining the statute." (*United States v. Seymour,* 10 App. D. C. 294, affirmed; *United States v. Duell,* 172 U. S. 576, 19 Sup. Ct. 286, 43 L. ed. 559; *State v. Canfield,* 40 Fla. 36, 23 So. 591, 42 L. R. A. 72; *People v. Rose,* 203 Ill. 46, 67 N. E. 746; *Commonwealth v. Barney,* 115 Ky. 475, 74 S. W. 181; *State v. Thompson,* 144 Mo. 314, 46 S. W. 191; *Ex parte Loving,* 178 Mo. 194, 77 S. W. 508; *State v. Standard Oil Co.,* 61 Neb. 28, 87 Am. St. 449, 84 N. W. 413; *Sugden v. Partridge,*

174 N. Y. 87, 66 N. E. 655; reversing order, 78 App. Div. 644, 80 N. Y. Supp. 1149; *Bon Homme County v. Berndt*, 15 S. D. 494, 90 N. W. 147; *State v. Lewis*, 26 Utah, 120, 72 Pac. 388.)

"The court may not declare a statute void unless it is clearly so beyond any reasonable doubt." (*State v. Joseph*, 175 Ala. 579, 57 So. 942; *People v. Elerding*, 254 Ill. 579, 98 N. E. 982; *Whitford v. Board of Commissioners*, 159 N. C. 160, 74 S. E. 1014; *Miller v. Henry*, 62 Or. 4, 124 Pac. 197, 199; *Board of Trustees v. Outgamie County*, 150 Wis. 244, 136 N. W. 619.)

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, *Amici Curiae.*

The proceedings of the constitutional convention taken in connection with the established rule that the legislature has absolute sovereign power of taxation save so far as restricted by the federal or state constitutions, leaves no doubt but that the legislature possesses authority to exempt automobiles from taxation if they see fit. (Proceedings Idaho Const. Convention, p. 1703 et seq.)

BUDGE, District Judge.—On July 22, 1913, appellant filed in the district court of the third judicial district within and for Ada county, Idaho, his petition for an alternative writ of mandate to be directed, first, to William Howell, August Carlson and William Briggs, constituting the board of county commissioners of said Ada county, commanding them to enforce and compel an assessment of all property within said Ada county at a fair cash value, and in particular all automobiles, motorcycles and other motor vehicles that escaped taxation for the year 1913; and, second, to William Kincaid, county assessor of Ada county, requiring him to assess at a fair cash value and make due return on all taxable property of said county, particularly all automobiles, motorcycles and other motor vehicles that escaped taxation for the year 1913.

It is alleged in said petition that there were on the second Monday in January, 1913, and at the time of the filing of said petition about seven hundred automobiles, motorcycles and other motor vehicles within said Ada county, of the aggregate

value of one million dollars; that the said assessor had failed, during the period fixed by law, or at all, to assess the same, and that said William Howell, August Carlson and William Briggs, sitting as a board of equalization of said county for the year 1913, had failed, neglected and refused to enforce and compel the assessment of said property by said assessor; that unless an assessment of said property for said year is made, appellant, who is a taxpayer of said county, will be compelled to pay an unjust and unfair proportion of taxes.

It is further alleged in said petition that respondents justify their failure to assess said property, or cause the same to be assessed, by reason of the provisions of sec. 19, chap. 179, Sess. Laws of 1913, p. 568, but it is alleged that said section is null and void, for the reason that it contravenes secs. 2, 4 and 5, art. 7, and secs. 16, 18 and 19, art. 3 of the constitution of this state.

A general demurrer was filed to the petition and by the trial court sustained. Appellant thereupon declined to plead further. Judgment was entered, dismissing the action and the case is here on appeal from said judgment.

The twelfth session of the legislature passed an act which was approved March 13, 1913, of which the following is the title:

"Creating a State Highway Commission, Prescribing Its Duties and Defining Its Powers: Authorizing the Employment by Said State Highway Commission of Convicts in the State Penitentiary on State Highways: Requiring the Registration With the Secretary of Said State Highway Commission of Motor Vehicles and of Dealers in, and Manufacturers of, Motor Vehicles, and Requiring the Payment of Annual Fees for Such Registration: Creating a State Highway Fund and Appropriating the Moneys in Such Fund: Prescribing Rules and Regulations for Operating and Running Motor Vehicles on the Public Highways of the State: Defining the Powers of Counties, Cities and Incorporated Villages With Reference to Licensing and Regulating Motor Vehicles: Amending Section 1644 of the Revised Codes of Idaho Relating to Property Exempt from Taxation so as to Exempt Duly Registered Motor

Vehicles from Taxation: Prescribing Penalties for Violations of the Provisions of This Act, and Making Disposition of Fines and Penalties Collected from Such Violations: and Repealing Section 1061 of the Revised Codes of Idaho and All Acts and Parts of Acts in Conflict With This Act.''

Sec. 19 of said act (Sess. Laws 1913, pp. 567, 568), upon which respondents rely for their justification in refusing to assess or cause to be assessed for the year 1913, automobiles, motorcycles and other motor vehicles, provides:

''Sec. 19. The registration fees imposed by this act upon motor vehicles (other than the registration fees required of dealers and manufacturers), shall be in lieu of all taxes general or local, and all motor vehicles required by this act to be registered and for which an annual fee is to be paid to the secretary of the state highway commission, and which motor vehicles have been so registered and the required fee has been so paid, shall be exempt from taxation.''

It will be noticed from the reading of the title to said act that the following appears therein: ''Amending section 1644 of the Revised Codes of Idaho relating to property exempt from taxation so as to exempt duly registered motor vehicles from taxation.'' There is no provision in said act other than said sec. 19, which provides for the exemption from taxation of such property, and it is first contended by appellant that said section is invalid for the reason that, inasmuch as by its title the act purports to amend sec. 1644, that section as amended should have been set forth in full as required by sec. 18, art. 3 of the constitution, which provides: ''No act shall be revised or amended by mere reference to its title, but the section as amended shall be set forth and published at full length.''

Sec. 1644, Rev. Codes, was amended by an act approved March 7, 1911 (Sess. Laws 1911, p. 564), and on March 13, 1913, the legislature passed the present revenue law, which in terms not only repealed the provisions of said section as it was amended in 1911, but also re-enacted the same as a part of said revenue act of 1913. (Sess. Laws 1913, pp. 173, 175 and 176.)

It will thus be noticed that on the same day that sec. 1644, Rev. Codes, was eliminated by repeal, it was referred to in the title of the highway commission act as being amended by said act; and it is the duty of the court, if it is possible to do so, to so construe these acts as to carry out the will of the legislature, and if possible harmonize these statutory provisions so that both may stand.

Sec. 4 of the Revenue Act (Sess. Laws 1913, pp. 175 and 176), and which as before stated is substantially a re-enactment of sec. 1644 as amended (Sess. Laws 1911, p. 564), specifies the classes of property which shall be exempt from taxation, and in this section automobiles, motorcycles and other motor vehicles are not included, but by the highway commission act approved on the same day as the revenue act, provision is made for the exemption of this class of property. In providing for such exemption no reference is made to the new revenue act; in fact, said sec. 19 makes no reference to any other legislation whatever.

It is true that in the title to the act of which it is a part, sec. 1644, Rev. Codes, is referred to, but there was really no such section in existence, because, in the first place, that section had been amended by the laws of 1911, and secondly, if such reference can be considered as applying to said section as amended in 1911, it was rendered useless by the repeal of said section on the very day that the said highway commission act took effect.

It cannot well be said that sec. 19 of the highway commission act contravenes the constitution in failing to set forth at full length sec. 1644, when said section was no longer in existence, and technically speaking had not been for about two years. If said sec. 19 is amendatory of any law, it by implication amends the new revenue act, not directly, because no reference is made to said act, but by implication, and when such is the case, the constitutional provision has no application, for it has been declared that statutes which amend others by implication are not within the provisions of the constitution requiring amendments to be set forth at length.

(Cooley's Constitutional Limitations, 7th ed., p. 216, text and cases cited in note 5 thereof.)

It is next contended that said sec. 19 of House Bill 179 of the Session Laws of 1913, page 558, contravenes the provisions of sec. 16, art. 3 of the constitution, which section provides: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title, but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

It is the theory of the appellant that, in view of the fact that sec. 19 provides for an exemption from taxation of a certain class of property, that it is legislation upon a different subject and one not connected with the subject of legislation covered by the remainder of the act. With this contention we cannot agree. By referring to the title of said act heretofore quoted at length, it is evident that the general object and purpose sought to be attained by the legislature is the creation of a highway commission, which shall have power to lay out, build, construct, improve, alter or discontinue the state highways, and otherwise have general supervision over the same for the maintenance and care thereof, and to provide revenue for the accomplishment of said purposes.

While it may be technically said that the provision of sec. 19 of said act, which exempts motor vehicles from taxation, does not properly have to do with the making of provision for the carrying out of the purposes of the act, it does have an indirect connection, because the property mentioned in said section by earlier provisions of the act is burdened with a certain license tax, and in order to complete the plan which the legislature had in mind in laying said burden upon said property, sec. 19 was necessary to prevent an injustice by relieving said property from what would otherwise have been a double burden.

The object and purpose of the said constitutional provision, as stated in *Pioneer Irr. Dist. v. Bradley*, 8 Ida. 310–317, 101 Am. St. 201, 68 Pac. 295, was "to prohibit the practice of bringing together into one bill subjects diverse in their

nature, and having no necessary connection; to prohibit 'hodge-podge' or 'log-rolling' legislation.'' (Cooley's Constitutional Limitations, p. 172.)

In the case just cited, this court declares: "In *Winters v. City of Duluth*, 82 Minn. 127, 84 N. W. 788, the supreme court of Minnesota, in commenting on a section of the constitution of that state which provides that 'no law shall embrace more than one subject, which shall be expressed in the title,' said: 'It [said provision] was not intended to embarrass legislation by making laws more restrictive in their scope and operation than is reasonably necessary in order to conserve the purpose for which the constitutional limitation was adopted; hence it must be liberally construed, and in a common-sense way,' and quotes as follows from *State v. Cassiday*, 22 Minn. 312, 21 Am. Rep. 765: 'If the legislature is fairly apprised of the general character of an enactment, by the subject expressed in the title, and all its provisions have a just and proper reference thereto, and are such as, by the nature of the subject so indicated, are manifestly appropriate in that connection, and as might reasonably be looked for in a measure of such a character, the requirement of the constitution is complied with. It matters not that the act embraces technically more than one subject, one of which only is expressed in the title, so that they are not foreign and extraneous to each other, but blend together in the common purpose evidently sought to be accomplished by the law.' "

In said case the court also quotes as follows from Cooley's Constitutional Limitations, 6th ed., 172: "There is scarcely any subject of legislation that cannot be divided and subdivided into various heads, each of which might be made the basis of a separate act, and in which the connection between them may be made a matter of controversy. If the provisions of a statute all relate directly or indirectly to the same subject, have a natural connection and are not foreign to the subject expressed in the title, it is permissible to unite them in the same act. The objections should be grave and the conflict between the constitution and statute palpable before the

judiciary should disregard a legislative enactment upon the sole ground that it embraces more than one subject.''

We therefore conclude that the act is not in conflict with sec. 16, art. 3 of the constitution, but, on the contrary, clearly comes within the principles announced in the decisions of this court, construing said section, which are in accord with the great weight of authority in construing similar constitutional provisions.

It is next contended that said act violates secs. 2 and 5, art. 7 of the constitution. Sec. 2 provides: ''The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his, her or its property, except as in this article hereinafter otherwise provided. The legislature may also impose a license tax (both upon natural persons and upon corporations, other than municipal, doing business in this state) ; also a per capita tax. Provided, the legislature may exempt a limited amount of improvements upon land, from taxation.''

Counsel contends that said section provides three methods for raising of revenue, to wit: property tax, license tax and per capita tax; that it cannot be contended that the registration fee for automobiles is a per capita tax, and that they are not license taxes, because such a tax can only be levied upon a business as contradistinguished from the ownership or possession or right of ownership of the property, as stated in *Ex parte Gale,* 14 Ida. 761–764, 95 Pac. 679; that of the three methods of taxation, this registration fee must be considered as a property tax, and being fixed according to the horse-power of the motor vehicles, rather than by valuation thereof, as required in said section of the constitution, therefore the said law violates said provision.

To this contention we reply that in this case we are not concerned with the determination of the validity of the state highway commission act in providing for said registration fee. That question is not properly before us. We are here called upon only to determine the validity of sec. 19 of said act, which exempts motor vehicles from taxation.

That portion of sec. 5, art. 7, which it is contended is violated by sec. 19 of the state highway commission act, reads as follows: "All taxes shall be uniform upon the same class of subjects within the territorial limits, of the authority levying the tax, and shall be levied and collected under general laws, which shall prescribe such regulations as shall secure a just valuation for taxation of all property, real and personal."

It is contended that the law providing for a registration fee for automobiles and other motor vehicles contravenes the foregoing constitutional provision, because such a tax violates the principles of uniformity, and counsel present quite a lengthy argument to sustain this contention. We must say, as we have heretofore said with reference to sec. 2, art. 7, that we are not concerned in this case with the question of the validity of the said highway commission act in so far as it provides for the registration fee for motor vehicles. That question, in our opinion, is not properly before us in this proceeding.

The respondents justify in this case upon the ground that sec. 19 of said act exempts such property from taxation, and if the said section, providing for such exemption, is valid, the decision appealed from should be affirmed, irrespective of whether the registration fee provided for by other sections of the act is valid or invalid.

To our minds sec. 19, exempting motor vehicles from taxation, is clearly within a subsequent clause of sec. 5, art. 7, of the constitution, which provides: "The legislature may allow such exemptions from taxation from time to time as shall seem necessary and just . . . . ," and if we are correct in this view, the defense of the respondents is complete, irrespective of whether the registration fee which other provisions of the act attempt to fasten upon motor vehicles is constitutional or otherwise. When the clause just quoted, relating to the power of the legislature to make exemptions from taxation, was under consideration by the constitutional convention, it was thoroughly discussed by some of the ablest lawyers of the state, and by the great weight of opinion it was considered advisable to confer upon the legislature the full and complete

discretionary power to exempt from taxation such property as it might seem to the legislature should, under all the conditions and circumstances, be relieved from the tax burden.

In volume 2 of the Idaho constitution convention proceedings commencing on p. 1703, there appears a report of the debate upon said proviso. It appears that numerous amendments were offered, providing for the exemption of household goods, tools, implements of industry, etc., and finally Mr. Batten, a member from Alturas county, declared that: "There should be some provision (in substance and effect) so that all property should be taxed, except such as the legislature might deem it expedient to exempt." When this suggestion was made, Mr. Ainslie declared: "If that is done, sir, there is no restriction upon the legislature as to the amount of property they can exempt from taxation." (Vol. 2, p. 1722.) And again he declared: "It leaves it altogether in the hands of the legislature. There will be no constitutional restrictions upon them whatever." (Vol. 2, p. 1725.) Mr. Hasbrouck stated: "I am in favor of leaving the whole matter to the legislature from time to time as these matters shall arise" (Vol. 2, p. 1741); and Mr. Gray declared: "As stated before, I have confidence in the legislature, and I believe they will be as competent to handle this question as this body is." (Vol. 2, p. 1758.) Mr. John T. Morgan, who was later chief justice of this court, and who was the author of the said clause of the constitution, at page 1761 says: "We have a very good law upon the statute book now, which exempts certain classes of property, among others mining claims. This amendment I have submitted leaves this matter entirely to the legislature. I hope we will be satisfied to leave it to the legislature, where I think it belongs."

It is very clear, from these statements and numerous others which might be quoted, that the constitutional convention intended that the legislature should have the sole right to determine what property should be exempt from taxation, and having provided for such an exemption so far as automobiles, motorcycles and motor vehicles are concerned, this court must hold that such property was not subject to taxation in Ada

county for the year 1913, and that the county commissioners and assessor of said county were justified in refusing to assess the same, or cause the same to be assessed.

As to the question of taxation: The legislature possesses plenary power, except as such power may be limited or restricted by the constitution. It is not necessary that the constitution shall contain a grant of power to the legislature to deal with the question of taxation. It is sufficient proof of its power if there be found in the constitution no prohibition against what the legislature has attempted to do.

As stated by the supreme court of Oregon in the case of the *State v. Cochran,* 55 Or. 157, 104 Pac. 419, 105 Pac. 884: "A state constitution unlike a federal constitution is one of limitation and not a grant of powers, and any act adopted by the legislature not prohibited by the state constitution is valid, and such inhibition must expressly or impliedly be made to appear beyond a reasonable doubt." (See *St. Joe Improvement Co. v. Laumierster,* 19 Ida. 66, 112 Pac. 683; *Walter v. City of Spokane,* 62 Wash. 312, Ann. Cas. 1912C, 994, 113 Pac. 775; *People ex rel. Simon* v. *Bradley,* 207 N. Y. 592, 101 N. E. 766.)

In passing on the constitutionality of a statute, every reasonable doubt as to its validity will be resolved in favor of sustaining the statute. (*People v. Rose,* 203 Ill. 46, 67 N. E. 746; *Board of Trustees of House of Reform v. City of Lexington,* 112 Ky. 171, 65 S. W. 350; *Commonwealth v. Barney,* 115 Ky. 475, 74 S. W. 181; *State v. Thompson,* 144 Mo. 314, 46 S. W. 191; *Ex parte Loving,* 178 Mo. 194, 77 S. W. 508.)

An act of the legislature will not be declared unconstitutional unless in plain violation of some provision of the constitution. (*Brady v. Mattern,* 125 Iowa, 158, 106 Am. St. 291, 100 N. W. 358.)

The court in construing a statute must adopt such construction as will sustain the constitutionality of the statute, where that can be done without doing violence to the language thereof. (*State v. Barrett,* 172 Ind. 169, 87 N. E. 7.) The courts must as far as possible uphold and give effect to all

statutes enacted by the legislature. (*Commonwealth v. International Harvester Co.*, 131 Ky. 768, 115 S. W. 755.)

We have no hesitancy in saying that we are not thoroughly converted to the advisability of exempting any particular class of property from taxation, but, on the contrary, firmly believe that all property of every kind and description should bear its just proportion of taxation, and uniformity and equalization of taxation are just as essential as taxation. However, we are not disposed to declare the law to be other than we find it. The legislature is answerable to the people, and if unfortunately through legislative enactment certain property has been exempted from taxation, the people will correct the error through the legislature where alone the power exists.

Judgment is affirmed. Costs awarded to respondents.

Sullivan, J., concurs.

AILSHIE, C. J., Concurring Specially.—I agree that the legislature had the power under the constitution to exempt automobiles from taxation if they saw fit to do so. The language of the constitution itself leaves the matter in doubt, but the debates had in the constitutional convention over the adoption of sec. 5, art, 7, make it very clear that it was the intention of the convention to confer unlimited power of exemption on the legislature. I feel, however, that the determination of the foregoing question does not dispose of this case. It is set up in the complaint and constitutes the second assignment of error in the briefs, that this act of the legislature violates secs. 2 and 5 of art. 7 of the constitution, in that it attempts to raise revenue by taxation according to the *horsepower* of automobiles instead of according to the *valuation* thereof. *The act is a revenue act and not a police regulation.* It is clear to me that the legislature would never have exempted this property from taxation by *valuation*, if it had not believed it could tax it by the *horse-power* as provided for in the highway act. So if the act is unconstitutional for failure to tax automobiles by valuation, the exemption section (19)

would fail also and the property would be taxable as any other property under the general revenue laws of the state.

I feel that it is the duty of this court to pass upon that phase of this question as it is squarely presented and involved in the present case.

I concur in the construction placed on sections 2 and 5 of art. 7 in so far as the opinion considers them, but I am satisfied that we have not done our whole duty in the case when we drop it there.

Petition for rehearing denied.