(December 15, 1910.)

## ST. JOE IMPROVEMENT CO., a Corporation, Respondent, v. H. A. LAUMIERSTER et al., Appellants.

[112 Pac. 683.]

Constitutional Law—Board of State Land Commissioners—Duties of—Legislative Authority—Legislative Act—Eminent Domain —Sufficiency of Title.

(Syllabus by the court.)

1. An act of the legislature entitled "An act for the improvement of the navigation of rivers, and their tributaries, in the state of Idaho, by deepening, straightening and clearing the channels thereof, by the erection of dams, booms and canals, and otherwise, and for collecting tolls and charges thereon, for the floating, driving and handling of sawlogs, and other timber products, and the navigation of barges and rafts," and repealed in 1905 (Sess. Laws, p. 30), was not void for the reason that it imposed certain duties on the board of state land commissioners, which duties were additional to those imposed by the provisions of sec. 7, art. 9, of the state constitution.

2. The legislature has plenary power in all matters of legislation except as prohibited by the constitution.

3. Said act does not authorize the taking of private property for public use without just compensation, but under its provisions private property might be taken for the public uses therein mentioned upon payment of just compensation therefor to be ascertained under the eminent domain statutes of the state.

4. Title of said act *held* sufficient.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County.   Hon. Robt. N. Dunn, Judge.

Action to recover tolls for towing logs in booms down the St. Joe river.   Judgment for plaintiff.   *Affirmed.*

A. A. Crane and McBee & La Veine, for Appellants.

The act of 1899 (p. 332, Sess. Laws) is void because it attempts to impose duties and burdens upon the board of land commissioners not recognized by the constitution of the state.   It is void for the further reason that it authorizes the deepening, clearing and straightening of the channels of streams without providing any compensation for damages done to riparian owners.

This grants the right of entry upon the lands of others, the effect of which is dispossession of the owners and interference with their dominion over property without any provision for compensation.   (*Garth Lumber & Shingle Co. v. Johnson,* 151 Mich. 205, 123 Am. St. 262, 115 N. W. 52; *De Camp v. Thomson,* 16 App. Div. 528, 44 N. Y. Supp. 1014.)

Even if the legislature had authority to confer such power on the state board of land commissioners, it had no authority nor was it the intention of the legislature to confer authority on companies like the plaintiff to charge tolls for logs which their owners tow down a navigable stream in brails or booms. (*Washougal Riv. Co. v. Skamania Log Co.,* 23 Wash. 89, 62 Pac. 450.)

Neither in the title nor in the act itself is any authority granted for charging tolls on booms or brails for logs.   (*Ames v. Port Huron etc. Co.,* 11 Mich. 139, 83 Am. Dec. 731.)

Statutes like this are to be construed strictly against the plaintiff.   (Cooley's Const. Lim., 7th ed., 565.)

Gray & Knight, for Respondent.

Courts will not lightly set aside or overturn the legislative will when clearly expressed, nor will an act be held to be void for conflict with the constitutional provisions, unless the

repugnancy is clearly pointed out. (*Wooley v. Watkins*, 2 Ida. 590, 555, 22 Pac. 102; .*Gillesby v. Board of County Commrs.*, 17 Ida. 586, 107 Pac. 71; *Sabin v. Curtis*, 3 Ida. 662, 32 Pac. 1130; *In re Gale*, 14 Ida. 761, 95 Pac. 679; *Noble v. Bragaw*, 12 Ida. 265, 85 Pac. 903; *Wright v. Kelley*, 4 Ida. 634, 43 Pac. 565; *State v. Dolan*, 13 Ida. 715, 92 Pac. 995, 14 L. R. A., N. S., 1259.)

There is nothing in the constitution of this state that in any way prohibits the legislature from conferring the ministerial power of granting franchises either upon an individual or upon any of the constitutional boards which it creates. Neither sec. 1 of art. 4 nor sec. 7 of art. 9 can be so construed as in any way to interfere with this legislative right. (Cooley, Const. Lim., 7th ed., p. 151; *Sands v. Manistee River Imp. Co.*, 123 U. S. 288, 8 Sup. Ct. 113, 31 L. ed. 149.)

SULLIVAN, C. J.—This is an action to recover a balance of an account amounting to $554.50, alleged to be due from the defendants for tolls for the use of the St. Joe river, in Kootenai county, for towing logs in booms and brails. The cause was tried by the court without a jury upon a stipulation of the facts, and judgment was rendered for the plaintiff in accordance with the prayer of the complaint. The plaintiff claims the right to charge tolls on said river by virtue of its compliance with an act of the legislature approved February 28, 1899 (Sess. Laws, p. 332). Said act was repealed in 1905. (See Sess. Laws, 1905, p. 30.)

The defendants are engaged in operating a shingle-mill at Harrison, on Lake Coeur d'Alene, in said county, and obtain a large quantity of logs for their mill from the upper St. Joe river, bringing the logs down the river and across the lake to their mill. The logs for which tolls are sought to be charged in this case were placed in booms by the defendants at the head of navigation on the St. Joe river, and towed by the defendants, or floated down said river in booms or brails. The plaintiff rendered no service to the defendant so far as those logs were concerned, and their alleged right is by virtue of the improvement of the river and the alleged

charter granted them under the provisions of that act. A part of said river flows through the Coeur d'Alene Indian Reservation, which is under the control of the federal government. The plaintiff expended in improving said river about $8,000, mainly by removing trees and snags that had lodged in said river, and also by placing sheer booms along the banks, and by driving some piling along said river, and by blasting out and removing rocks from said river. Said river is a navigable stream, and has been navigated by steamboats since the earliest settlement of the country, and for the same length of time sawlogs have been floated down it, either singly or in booms, each year.

The first and principal contention of the appellant is that said act of the legislature is unconstitutional and void. It is first contended that it is void because it attempts to impose duties and burdens upon the board of state land commissioners not authorized by the constitution of the state. Art. 9, sec. 7, of the state constitution, provides that the governor, superintendent of public instruction, secretary of state and attorney general shall constitute the state board of land commissioners who shall have direction, control and disposition of the public lands of the state under such regulations as may be prescribed by law. It is contended that said board is by the provisions of said section created for the one specific purpose stated in the constitution, to wit, the direction, control and disposition of the public lands. Conceding that said board was created by the constitution for the specific purpose of controlling the public lands of the state under such regulations as might be prescribed by law, there is nothing in the constitution prohibiting the legislature from imposing on the identical persons who compose that board the duties required to be performed under the provisions of the act referred to. And the improvement of the navigation of the rivers of the state is intimately connected with the control and disposition of the public lands of the state, as all navigable rivers are, to a certain extent, under the control of the state.

It must be remembered that the legislature has plenary power in all matters of legislation except where prohibited by the constitution, and we find nothing in the constitution prohibiting the legislature from imposing on the board of state land commissioners the duties imposed by said act. We therefore conclude that said act is not unconstitutional, so far as imposing additional duties on said board is concerned.

It is next contended that said act is void for the reason that it authorizes the deepening, clearing and straightening of the channels of navigable streams without providing any compensation for damages done to riparian owners. There is nothing in that contention, for the reason that said act is supplemented by the eminent domain statutes of the state. It is provided, among other things, in subd. 2 of sec. 5210, of the Rev. Codes, that the right of eminent domain may be exercised in behalf of the following uses: "2. . . . . raising banks of streams, removing obstructions therefrom and widening or deepening or straightening their channels. . . . ." The state by the act under consideration has authorized the improvement of the navigation of the rivers of the state "by deepening, straightening and clearing the channels thereof; by the erection of dams, booms and canals," etc. It was not the intention in carrying out the provisions of said act that private property should be taken without just compensation; hence, wherever it was necessary to take property for the purposes contemplated by said act, such property could not be taken until just compensation therefor had been paid as provided by the eminent domain statutes of the state. (*Mashburn v. St. Joe Improvement Co., ante,* p. 30, 113 Pac. 92, decided at the October, 1910, term of this court.)

It is next contended that neither in the title nor by the act itself is any authority granted for charging tolls on "booms" or "brails" of logs. In the title we find, among other things, the following: "And for collecting tolls and charges thereon, for the floating, driving and handling of sawlogs and other timber products." While the title does not name booms or brails, it does name "logs and other timber

products," which is broad enough to cover "booms" and "brails," which are composed of logs and timber products.

The judgment is therefore affirmed, with costs in favor of respondent.

Ailshie, J., concurs.