(No. 5959.   April 3, 1933.)

HARRY B. CURTIS, Appellant, v. EMMITT PFOST, as Commissioner of Law Enforcement of the State of Idaho, Respondent.

[21 Pac. (2d) 73.]

Paris Martin, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

SUTPHEN, D. J.—Appellant seeks to enjoin the Commissioner of Law Enforcement of the State of Idaho from enforcing the provisions of secs. 48–101 and 48–127, I. C. A., relating to "commercial trucks." It appears from appellant's complaint that he is a resident of the state engaged in hauling mining supplies and equipment from Mountain Home, Idaho, to Atlanta, Idaho, under contract with the St. Joe Lead Company; that he owns several trucks and all are used exclusively in connection with the mining and related enterprises of the St. Joe Lead Company, the hauling being done over the public highways of the state; that appellant maintains no hourly schedules and has no termini in either Mountain Home or Atlanta and no freight is collected, no passengers carried, and no bills of lading are issued in connection with such enterprise except such as arise in the incidental business of the St. Joe Lead Company; that he does no general hauling for the public for hire, and that the trucks of the appellant are licensed under I. C. A., sec. 48–127, subdivision c. Appellant complains that the respondent Commissioner of Law Enforcement, unless restrained, will institute proceedings against appellant to compel him to register his automobiles and license them as "commercial trucks" under the provisions of I. C. A., secs. 48–101 and 48–127, which would require him to pay a fifty per cent additional license fee. A demurrer to the complaint was sustained and judgment entered by the court below dismissing the action, from which appellant appeals.

The Uniform Registration Act, I. C. A., sec. 48–101, subd. aa, provides as follows:

"The term 'commercial truck,' as employed in this chapter means a motor truck operated for the transportation of merchandise or raw products for hire, whether such truck so operated be engaged casually or continuously: provided, however, this shall not apply to trucks used exclusively within the boundaries of any incorporated city or village of the state of Idaho, or exclusively within three miles of

the boundaries of any city or village from which delivery is made. Nor shall such definition be applicable to a motor truck owned and operated by a person actually engaged in farming or stock raising and employing such motor truck for the purpose of transporting the products of husbandry.''

And I. C. A., sec. 48–127, provides, in part, as follows:

''The fees for licensing all motor vehicles owned or used within this state (excepting trailers and semi-trailers) shall be as follows: . . . .

''(c) On all motor trucks equipped with pneumatic tires the fee shall be forty cents for each one hundred pounds of weight of the chassis according to the manufacturer's rating, plus eighty cents for each one hundred pounds of the manufacturer's rated carrying capacity. An additional fifty per cent of the fee prescribed herein shall be added for trucks equipped with two or more solid tires.

''(d) The fee for commercial trucks shall be the same as that provided in subdivision c of this section, plus fifty per cent of such fee.''

Appellant contends that I. C. A., sec. 48–101, subd. aa, and I. C. A., sec. 48–127, subd. d, are unconstitutional and in violation of sec. 1 of the Fourteenth Amendment to the Constitution of the United States, and of secs. 1, 2 and 3 of art. 1, sec. 19 of art 3, and sec. 5 of art. 7 of the Constitution of the state of Idaho. Appellant urges that he is discriminated against by an improper and unconstitutional classification of motor vehicles, and particularly that the words ''for hire'' as used in I. C. A., sec. 48–101, subd. aa, do not describe a reasonable and substantial classification of trucks and that such classification is arbitrary, unjust and discriminatory and therefore unconstitutional.

It is our duty to uphold the constitutionality of the act unless its unconstitutionality clearly appears. (*Smallwood v. Jeter*, 42 Ida. 169, 244 Pac. 149.) ''When the Legislature acts within the scope of its legislative power, when no facts are disclosed as to the reasons which actuated the legislation, the presumption of constitutionality stands, unless no fair reason can be ascribed for the legislative

action." (*Continental Baking Co. v. Woodring,* (D. C.) 55 Fed. (2d) 347.)

The appellant argues that the distinction between those carriers operating under contract and those carrying property which is owned by the carrier admits of no diversity of treatment and quotes from the decision in the case of *Barney v. Railroad Com.* (Mont.), dated June 25, 1932, United States Daily, July 7, 1932, page 4, to substantiate his contention. The opinion cited, however, appears to have been withdrawn by the supreme court of Montana, subsequent to the filing of appellant's brief, and the substituted opinion, dated Dec. 19, 1932, 17 Pac. (2d) 82, upholds the statute therein attacked and the quotations in appellant's brief now appear only in the dissenting opinion.

In *Jackson v. Neff,* 64 Fla. 326, 60 So. 350, the court said: " . . . . the increased license tax imposed upon motor vehicles 'when used for hire, charter, or when charge is made for the use thereof in any manner or form whatever' over the tax imposed upon those 'used by the owner thereof, or without charge,' is based upon real and substantial differences in conditions and is amply justified." (Appeal dismissed, 238 U. S. 610, 35 Sup. Ct. 792, 59 L. ed. 1488.) To the same effect see, also, Huddy's Automobile Law, 9th ed., vol. 1, pp. 362, 363; Blashfield's Cyclopedia of Automobile Law, at page 61, and cases cited therein; *State v. Kozer,* 116 Or. 581, 242 Pac. 621.

The legislature, in classifying "a motor truck operated for the transportation of merchandise or raw products for hire" as a commercial truck and requiring such truck to pay a fee fifty per cent in excess of similar trucks not operated for hire, does not appear to have acted arbitrarily, and we cannot say that such act is unreasonable or discriminatory.

This court cannot say that the legislature did not find sufficient differences in the use of the highway by "trucks used exclusively within the boundaries of any incorporated city or village of the State of Idaho, or ex-

clusively within three miles of the boundaries of any city or village from which delivery is made" to justify their exclusion from the classification of "commercial trucks." As was said in the case of *McReavy v. Holm,* 166 Minn. 22, 206 N. W. 942, "The contrast between the use of the highway, by the ordinary so-called delivery trucks and trucks used as drays for hauling freight from one town to another, is so well understood as to require no extended discussion here." (See, also, *Re Hoffert,* 34 S. D. 271, 148 N. W. 20, 52 L. R. A., N. S., 949.)

Likewise the exception of "a motor truck owned and operated by a person actually engaged in farming or stock raising and employing such motor truck for the purpose of transporting the products of husbandry" does not appear to be an unreasonable or arbitrary exemption from the commercial truck classification. (*McReavy v. Holm, supra.*)

Appellant also contends that under the facts alleged in his complaint the business of appellant was not that of a "commercial truck" within the meaning of such words as defined by statute. The appellant does not allege in his complaint that his trucks are not operated for the transportation of merchandise or raw products for hire, but does allege that he has a contract with the St. Joe Lead Company, under and by the terms of which contract he hauls all freight for said St. Joe Lead Company from Mountain Home, Idaho, to Atlanta, Idaho, and return. He claims to be what is commonly known as a "contract carrier," a classification not specifically mentioned in the Idaho statute. Even though the appellant is a "contract carrier," nevertheless he clearly appears to be engaged in operating a "commercial truck" as defined by statute, and the mere fact that he is a contract carrier should not exempt him from the statutory classification.

Appellant in his brief and oral argument before this court also argues that the Idaho statutes concerning truck transportation do not define either contract carriers or private carriers, except as commercial carriers for hire, and in

such a way that a contract carrier hauling between two fixed termini, over regular routes, as he now claims to do, can be forced, under the provisions of chap. 8, title 59, I. C. A., pertaining to auto transportation companies, to become a common carrier. This presents a question not raised by the pleadings. The complaint contains no allegation to the effect that respondent has attempted to enforce or construe said chap. 8, title 59, I. C. A., as applicable to appellant, and we are not herein concerned with such question.

Judgment affirmed.

Givens, Morgan, Holden and Wernette, JJ., concur.