306 P.2d 1083

W. D. EBERLE, State Representative from Ada County; Robert Doolittle, State Representative from Bonner County; Vernon Daniel, State Senator from Payette County; and R. M. Wetherell, State Senator from Elmore County; all of the 34th Session of the Legislature of the State of Idaho, suing on behalf of themselves and of other persons similarly situated and interested in the subject of this suit, Plaintiffs,

v.

N. P. NIELSON, State Auditor of the State of Idaho, Defendant.

No. 8541.

Supreme Court of Idaho.

Feb. 13, 1957.

Raymond D. Givens, Willis C. Moffatt, Boise, George Donart, Weiser, for appellants.

Graydon W. Smith, Atty. Gen., Edward J. Aschenbrener, William C. Roden, Asst. Attys. Gen., for respondent.

TAYLOR, Justice.

The petitioners, W. D. Eberle, Representative from Ada County, Robert Doolittle, Representative from Bonner County, Vernon Daniel, Senator from Payette County, R. M. Wetherell, Senator from Elmore County, as such members of the current Thirty-fourth Session of the State Legislature, on behalf of themselves and others similarly situated, filed petition in this Court seeking a writ of mandate to compel issuance of warrants by the defendant, State Auditor, for payment of expenses incurred by them while serving as members of various committees of the legislature. They allege that funds were regularly appropriated for the payment of such expenses; that vouchers were regularly prepared and approved by the presiding officer of the respective houses, and were presented to and approved by the State Board of Examiners; and that the defendant had refused to draw warrants for the payment thereof on the ground that payment of such claims was not authorized by law.

Defendant, answering the petition, admits all of the allegations therein, and affirmatively alleges that § 67–412, I.C., purporting to authorize payment of such expenses, is in violation of Article 3, § 23, of the State Constitution. Section 67–412, I.C., enacted in 1951, is as follows:

"Each member of the legislature of the State of Idaho shall receive the sum of $5.00 per day as committee expenses while serving as a member of any committee during any session of the legislature, including the present thirty-first session of said legislature; and provided that no member shall receive such expense for service on more than one committee at the same time."

The pertinent part of § 23, Article 3, of the Constitution provides:

"Each member of the legislature shall receive for his services a sum of ten dollars per day from the commencement of the session; but such pay shall not exceed for each member, except the presiding officers, in the aggregate, $600 for per diem allowances for any one session; and shall receive each the sum of ten cents per mile each way by the usual traveled route."

In determining the constitutionality of a legislative enactment, fundamental principles must ever be kept in mind and rigidly observed. Statutes are presumed valid and all reasonable doubts as to constitutionality must be resolved in favor of validity. Noble v. Bragaw, 12 Idaho 265, 85 P. 903; Ingard v. Barker, 27 Idaho 124, 147 P. 293; Smallwood v. Jeter, 42 Idaho 169, 244 P. 149; Sanderson v. Salmon River Canal Co., Ltd., 45 Idaho 244, 263 P. 32; Packard v. O'Neil, 45 Idaho 427, 262 P. 881, 56 A.L.R. 317; In re Edwards, 45 Idaho 676, 266 P. 665; Chambers v. McCollum, 47 Idaho 74, 272 P. 707; City of Idaho Falls v. Pfost, 53 Idaho 247, 23 P.2d 245; State ex rel. Graham v. Enking, 59 Idaho 321, 82 P.2d 649; State v. Peterson, 61 Idaho 50, 97 P. 2d 603; Big Wood Canal Co. v. Unemployment Comp. Div. of Ind. Acc. Bd., 63 Idaho 785, 126 P.2d 15; State v. Groseclose, 67 Idaho 71, 171 P.2d 863; Boughten v. Price, 70 Idaho 243, 215 P.2d 286; Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 5 A.L.R.2d 1154.

Where a statute is susceptible of two constructions, one of which would render it invalid and the other would render it valid, the construction which sustains the statute must be adopted by the courts. Grice v. Clearwater Timber Co., 20 Idaho 70, 117 P. 112; State v. Morris, 28 Idaho 599, 155 P. 296, L.R.A.1916D, 573; City of Idaho Falls v. Pfost, 53 Idaho 247, 23 P.2d 245; State ex rel. Graham v. Enking, 59 Idaho 321, 82 P.2d 649; State v. Peterson, 61 Idaho 50, 97 P.2d 603; Big Wood Canal Co. v. Unemp. Comp. Div. of Ind. Acc. Bd., 63 Idaho 785, 126 P.2d 15.

The burden of showing unconstitutionality of a statute is upon the party who asserts it, and invalidity must be clearly shown. Noble v. Bragaw, 12 Idaho 265, 85 P. 903; Gillesby v. Board of Com'rs, 17 Idaho 586, 107 P. 71; Smallwood v. Jeter, 42 Idaho 169, 244 P. 149; In re Edwards, 45 Idaho 676, 266 P. 665; Williams v. Baldridge, 48 Idaho 618, 284 P. 203; State ex rel. Macey v. Johnson, 50 Idaho 363, 296 P. 588; Curtis v. Pfost, 53 Idaho 1, 21 P.2d 73; Bannock County v. Citizens Bank & Trust Co., 53 Idaho 159, 22 P.2d 674; Boughten v. Price, 70 Idaho 243, 215 P.2d 286; Common School Dist. #2 v. District #1, 71 Idaho 192, 227 P.2d 947; Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 5 A.L.R.2d 1154.

■ It is the duty of the courts to uphold the constitutionality of legislative enactments when that can be done by reasonable construction. Scandrett v. Shoshone Co., 63 Idaho 46, 116 P.2d 225; State ex rel. Wright v. Headrick, 65 Idaho 148, 139 P.2d 761; State v. Evans, 73 Idaho 50, 245 P.2d 788; Grice v. Clearwater Timber Co., 20 Idaho 70, 117 P. 112; Continental Life Ins. & Inv. Co. v. Hattabaugh, 21 Idaho 285, 121 P. 81; State v. Morris, 28 Idaho 599, 155 P. 296, L.R.A.1916D, 573; J. C. Penney Co. v. Diefendorf, 54 Idaho 374, 32 P.2d 784; Safeway Stores, Inc., v. Diefendorf, 54 Idaho 407, 32 P.2d 798; Garrett Transfer & Storage Co. v. Pfost, 54 Idaho 576, 33 P.2d 743.

■ In construing our State Constitution there are also certain fundamental principles which must be recognized and given effect. Unlike the Federal Constitution, the State Constitution is a limitation, not a grant, of power. We look to the State Constitution, not to determine what the legislature may do, but to determine what it may not do. If an act of the legislature is not forbidden by the state or federal constitutions, it must be held valid.

This fundamental concept of the State Constitution is generally accepted throughout the United States, and is not questioned in these proceedings. It has always been the guiding principle of constitutional construction in this state. Some of the decisions of this Court, recognizing and applying it, are collected in the foot note.[1]

■ There flows from this fundamental concept, as a matter of logic in its application, the inescapable conclusion that the rule of expressio unius est exclusio alterius has no application to the provisions of our State Constitution.

"Express enumeration of legislative powers is not exclusive of others not named unless accompanied by negative terms." MacMillan Co. v. Clarke, 184 Cal. 491, 194 P. 1030, at page 1033, 17 A.L.R. 288.

1. St. Joe Improvement Co. v. Laumierster, 19 Idaho 66, 112 P. 683; Achenbach v. Kincaid, 25 Idaho 768, 140 P. 529; Idaho Power & Light Co. v. Blomquist, 26 Idaho 222, 141 P. 1083, Ann. Cas.1916E, 282; In re Kessler, 26 Idaho 764, 146 P. 113, L.R.A.1915D, 322; Ingard v. Barker, 27 Idaho 124, 147 P. 293; State ex rel. Davis v. Banks, 33 Idaho 765, 198 P. 472; State v. Nelson, 36 Idaho 713, 213 P. 358; State ex rel. Macey v. Johnson, 50 Idaho 363, 296 P. 588; Independent School Dist. v. Pfost, 51 Idaho 240, 4 P.2d 893, 84 A.L.R. 820; Diefendorf v. Gallet, 51 Idaho 619, 10 P.2d 307; Lloyd Corporation v. Bannock County, 53 Idaho 478, 25 P.2d 217; Koelsch v. Girard, 54 Idaho 452, 33 P.2d 816; McGoldrick Lumber Co. v. Bennewah County, 54 Idaho 704, 35 P.2d 659; Boughten v. Price, 70 Idaho 243, 215 P.2d 286; Utah Oil Refining Co. v. Hendrix, 72 Idaho 407, 242 P.2d 124; In re Petition of Idaho State Fed. of Labor (AFL), 75 Idaho 367, 272 P.2d 707; dissenting opinion pages 377 and 713, respectively; Davis v. Moon, 77 Idaho 146, 289 P.2d 614.

"It is, of course, elementary law that, unlike the federal constitution, the state constitution is not a grant of power to the legislature but rather a limitation upon the powers of that body. An express enumeration of legislative powers is not exclusive of others not named, unless accompanied by negative terms." Slavich v. Walsh, 82 Cal.App.2d 228, 186 P.2d 35, at page 39.

"* * * the respondent contends that under the doctrine of expressio unius est exclusio alterius, since the Constitution specifies two items which may be allowed, any other allowances are invalid. This argument overlooks the fact that our Constitution is not a grant of power but rather a limitation or restriction upon the powers of the Legislature". (Citations.) Collins v. Riley, 24 Cal.2d 912, 152 P.2d 169, at page 171.

This rule was again approved and quoted by the Supreme Court of California in Dean v. Kuchel, 37 Cal.2d 97, 230 P.2d 811.

This Court has also heretofore refused to apply the rule of expressio unius est exclusio alterius to the revenue provisions of the Constitution, as follows:

"Certainly our Constitution does not expressly prohibit the people of Idaho from raising revenue in the manner provided in chapter 179 of the Session Laws of 1913, and, while it is true there are three methods of raising revenue expressed in section 2 of article 7 of the Constitution, we cannot infer from this that an implication arises prohibiting the state from also raising revenue pursuant to its inherent power to do so in any other manner its Legislature may see fit to adopt." In re Kessler, 26 Idaho 764, 771, 146 P. 113, 114, L.R.A.1915D, 322.

"The tax in question is by a method other than those mentioned in section 2, art. 7, of the Constitution, but is not on that account unconstitutional, because it is not necessary that the Constitution expressly authorize the Legislature to enact each and every kind of tax adopted by it. An act is legal when the Constitution contains no prohibition against it." Independent School Dist. v. Pfost, 51 Idaho 240, 252, 4 P.2d 893, 897.

The rule was again urged upon the court in Diefendorf v. Gallet, 51 Idaho 619, 10 P.2d 307. After quoting the above paragraphs from In re Kessler and Independent School Dist. v. Pfost, Mr. Justice Leeper, speaking for the court, said:

"We do not feel called upon to re-examine this question, in view of the absence of any substantial authority otherwise. It is a fundamental rule of constitutional law that a state Constitu-

580

tion is an instrument of limitation and not of grant, that all powers are retained to the state not expressly withheld, and the decisions in this state are bottomed squarely upon that rule." Diefendorf v. Gallet, 51 Idaho 619, 637, 10 P.2d 307, 314.

See also: State ex rel. Todd v. Yelle, 7 Wash.2d 443, 110 P.2d 162; Myers v. Oklahoma Tax Commission, Okl. 303 P.2d 443.

■ Applying the foregoing rules and principles to the case before us, we find no limitation in § 23, Article 3, of the Constitution, forbidding the legislature to provide for the payment of expenses of its members. It expressly allows to each member $10 per day "for his services", and provides that such per diem shall not exceed $600 for any one session. It also allows "ten cents per mile each way by the usual traveled route." This is a lump sum allowance for travel. The section is silent as to any other expenses. It follows that the enumeration of an allowance for services and an allowance for travel, and the absence of any restrictive terms limiting the legislators to such allowances, leaves the legislature free to provide for the payment of other expenses necessarily incurred by its members in the discharge of their duties.

■ Looking to the statute, we are not advised by the record as to what is meant by "committee expenses". If it were made to appear that there were no necessary expenses incurred by committee members while acting as such, then it would be necessary to hold the allowance invalid as an attempt to augment the per diem compensation for services. On the other hand, if it is intended to cover board and lodging of committee members while in Boise, performing their duties during the legislative session, or any other necessary expense incurred in the performance of such duties, it would constitute an allowance which the legislature has authority to make, since it is not forbidden by the constitution. We cannot presume that the legislature intended to circumvent the constitution and to unlawfully augment the per diem of its members. On the contrary, we are required to presume that the legislature intended to comply with the limitations of the constitution, all presumptions being in favor of the validity of its acts. Furthermore, the burden is on the defendant, in challenging the constitutionality of the act, to show that the allowance is in fact an augmentation of either the per diem or mileage allowed, and thus violative of either or both of those limitations. No such showing is made or attempted. In such circumstances we must adopt the construction of the act which will sustain its validity, i.e., that the allowance of $5 per day to committee members is for expenses necessarily incurred in the discharge of their duties.

To construe the phrase "as committee expense" thus broadly is not beyond the scope of our judicial function. Our authority and duty in that regard is well stated in Smallwood v. Jeter, 42 Idaho 169, at page 184, 244 P. 149, 153, as follows:

"Plaintiff contends that the insurance feature of the act is void because unintelligible, and that it 'cannot be corrected by the addition or omission of words.' We are entitled to, and must, look to the intention of the Legislature as gathered from the whole act, and when a literal reading of a provision will work an unreasonable or absurd result, if a reasonable intent of the Legislature can be arrived at, the court should so construe the act as to arrive at such intention rather than an absurdity. To accomplish this purpose, words may be changed, not to legislate, but to arrive at what the Legislature intended to enact. 'Especially will this be done when it is necessary to prevent a law from becoming a nullity.' 25 R.C.L., pp. 975, 976, § 225."

In Knight v. Class A School District No. 2, 76 Idaho 140, 278 P.2d 991, 995, this Court was required to construe an ambiguous section of the school law. Mr. Justice Porter there extensively reviewed the precedents, and concluded that it was within the authority and duty of the Court in such cases to adopt a construction which "leads to a sensible and reasonable result and effects the manifest purpose of the amendment [act]."

Fixing the amount in a lump sum of $5 per day is tantamount to a finding by the legislature that each member of its committees will incur expenses in not less than that amount. Thus the legislature has declared that the allowance is for expenses and that the sum provided has been, or will be, expended for that purpose.

"No essential or controlling distinction can be taken between a legislative declaration made in words and one made by clear implication. A declaration that an appropriation is made for expenses, rather than compensation, is in all reasonable effect a declaration that the sum appropriated has been so expended." Peay v. Graham, 162 Tenn. 153, 35 S.W.2d 568, at page 569.

Nor can it be urged against the validity of the act that if $5 per day can be allowed for expenses, a greater sum exceeding actual necessary expenses could also be allowed, thus increasing the per diem for services, in violation of § 23, Article 3, of the constitution. The legislators are sworn constitutional officers of the state. It is not to be assumed that they would thus seek to violate the fundamental law. As a body they have broad powers and wide discretion to find and declare facts incident to legislative enactments, and the courts cannot interfere until it is clearly

made to appear that the finding or declaration of the legislature is so unreasonable as to be clearly a violation of the constitutional limitation. The principle was well stated by the Supreme Court of South Dakota in State ex rel. Payne v. Reeves, 44 S.D. 568, 184 N.W. 993. In discussing a lump sum allowance made by the legislature of that state for the personal expenses of the judges of its supreme court, it was said:

"This court will not presume that the matter of the amount and the necessity for these expenses was not made the subject of proper investigation by the Legislature, and its determination as to the facts cannot, under any principle of constitutional law, be disturbed by this court unless the amount allowed is so plainly and palpably in excess of any amount of expenses which could possibly be incurred by the judges in the discharge of their official duties as to show without evidence or argument, beyond all reasonable doubt, that the Legislature intended to increase the salary of the judges and not to provide for the payment of expenses incident to the discharge of official duties." 184 N.W. at page 999.

The Kentucky Special Court of Appeals used the same language in a similar case. Manning v. Sims, 308 Ky. 587, 213 S.W.2d 577, 5 A.L.R.2d 1154.

Defendant relies upon the decision of this Court in Peck v. State, 63 Idaho 375, 120 P.2d 820, 821. That case is distinguishable from this. There the legislature in 1941 appropriated $35,000 for actual and necessary expenses of its members "for subsistence and lodging while absent from their usual places of residence in the service of the State of Idaho, at a rate not exceeding five dollars ($5.00) per day". Claims were presented by members of that session and disallowed. The basis of the judgment dismissing the action is contained in the following language:

"That act does not expressly grant to the members of the legislature compensation for expenses incurred by them for board and lodging while absent from their usual places of residence, in the service of the state. It appropriates $35,000, or so much thereof as may be necessary, for that purpose.

"In enacting Chapter 73, the legislature apparently proceeded on the erroneous theory that its members were entitled to be paid their expenses, by the state, for board and lodging while in its service, without a grant to that effect, and all that was necessary to be done, in order for them to receive the money, was to enact a law appropriating it. The right of a member of the legislature to be reimbursed for his said expenses, for board and lodging,

is not expressed in Chapter 73, or elsewhere in the Constitution or Statutes of Idaho. If the legislature ever attempted to confer that right it appears by inference only, from the fact that Chapter 73 appropriates money with which to reimburse the members of the 1941 Session of the Legislature, the amount of their said expenses." 63 Idaho at page 379, 120 P.2d at page 821.

The action failed because the legislature had not passed an act entitling the members to the expense covered by the appropriation. In the present case, § 67–412, I.C., specifically makes the grant to each member, and the present session has made an appropriation to pay the claims.

It is true the court in that case applied the rule of expressio unius est exclusio alterius to § 23, Article 3, of the Constitution and said that the per diem and mileage allowed by that section was the limit of the amount to be received by the legislators for services and expenses. This holding was unnecessary to the decision reached. It is to be noted that two of the justices dissented in that case.

Another objection, which the court in the Peck case found to the expense allowance, was that the act therein considered was limited in its terms to the members of the legislature then in session and was not applicable to, and made no appropriation for, future legislators. As such it was a special law in violation of § 19, Article 3, of the Constitution.

The act before us, passed in 1951, is general, and made the allowance not only for the current session, but for all future legislators, and it has been acted upon and such expenses paid to the members of successive legislatures from that day to this.

In Collins v. Riley, 24 Cal.2d 912, 152 P.2d 169, 170, the Supreme Court of California had before it a situation quite similar to that at bar. The California constitutional provision allowed the legislators $100 monthly for services during the term, and mileage to be fixed by law, not exceeding 5¢ per mile. The legislature passed an act allowing its members "in addition to their salaries, their actual necessary traveling expenses." Claims were filed by members for meals and lodging while on duty at the capital. The court construed the term "traveling expenses" much more broadly, it would appear, than we have here construed the phrase "as committee expenses." It was conceded that "traveling expenses.", if regarded as "mileage", within the constitutional limitation, would be invalid, at least to the extent it exceeded 5¢ per mile. To save the act the court construed "traveling expenses" as intended to cover living expenses. We quote:

"The use of the term 'traveling expenses' was perhaps unfortunate, be-

cause section 352 cannot be construed as validly increasing the mileage allowance for traveling between a member's home and Sacramento. However, it has been held that this phrase includes hotel room rent and meals, and it is conceded that the section was intended to provide only for the reimbursement of a member's actual living expenses while away from home in attendance at a regular, special or extraordinary session of the Legislature." 152 P.2d at page 170.

" '* * * we do not look to the Constitution to determine whether the Legislature is authorized to do an act, but only to see if it is prohibited.' Fitts v. Superior Court, supra [6 Cal.2d 230, 57 P.2d 512]. If there is any doubt as to the Legislature's power to act in any given case, the doubt should be resolved in favor of the Legislature's action. Such restrictions and limitations are to be construed strictly, and are not to be extended to include matters not covered by the language used. In section 23 the only restrictions are on the amount to be allowed for services ($100 per month) and on the amount for mileage (not to exceed five cents per mile), and the doctrine of expressio unius cannot be relied upon to support or incorporate other or additional restrictions." 152 P.2d at page 171.

"When an officer is required to travel in order to perform his duty, the payment of his actual necessary living expenses while away from home is a proper item of state expense and, unless expressly forbidden by the Constitution, it is a proper exercise of legislative authority to° provide for the officer's reimbursement." 152 P.2d at page 172.

It is true there is some diversity of opinion among the courts on this issue. But, as stated by the annotator in 5 A.L.R. 2d 1182 at page 1185, the conflict is more apparent than real. Some of the contrary opinions are based upon constitutional provisions forbidding any other allowances than those made by the constitution itself. Such decisions are obviously not in point, and are of no help in our consideration of the issue, because we have no such restriction.

We conclude that the claims of petitioners are valid and must be paid. Other decisions supporting our conclusion are: State ex rel. Todd v. Yelle, 7 Wash.2d 443, 110 P.2d 162; Earhart v. Frohmiller, 65 Ariz. 221, 178 P.2d 436; State ex rel. Payne v. Reeves, 44 S.D. 568, 184 N.W. 993; Christopherson v. Reeves, 44 S.D. 634, 184 N.W. 1015.

It is ordered that peremptory writ issue. No costs allowed.

PORTER, SMITH and McQUADE, JJ., concur.

KEETON, C. J., sat at the hearing but did not participate in the decision.